UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HTR, INC., *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| *v.* | § | CIVIL ACTION H-06-835 |
| | § | |
| CONTINENTAL GROUP LLC, *et al.*, | § | |
|     *Defendants*. | § | |

### MEMORANDUM AND ORDER

This case involves a dispute arising from the alleged failure of defendants Continental Group LLC, Asset Recovery Corporation, Continental Plants Group and Garcel, Inc. (collectively "Continental") to properly pay plaintiffs HTR, Inc. and Mike Starling (collectively "HTR") a commission for facilitating the sale of industrial machinery.[1]  HTR asserts subject matter jurisdiction based on 28 U.S.C. § 1332(a).  Continental has filed a motion to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) (Dkt. 12), asserting the amount in controversy does not exceed $75,000.[2]  Having considered the parties' submissions, argument of counsel at a hearing on October 19, 2006, and the law, the court concludes that Continental's motion to dismiss should be denied.

**I.    Background**

HTR alleges that it contracted with Continental to facilitate an asset purchase agreement for industrial machinery between Continental and a third party, Kvaerner.  HTR sues to recover

---

[1]  The parties have consented (Dkt. 11) to the jurisdiction of this magistrate judge for all purposes, including trial.

[2]  Continental does not contest the diversity of the parties.

a commission allegedly owed by Continental under that contract. HTR alleges that the terms of the contract obligated Continental to pay a commission to HTR of ten percent (10%) if net profits from the transaction were $200,000, or fifteen percent (15%) if the net profits exceeded $400,000. HTR further alleges that it successfully facilitated the transaction in accordance with the contract, that the net profits from the transaction "were in excess of $400,000," and that Continental has failed to properly pay the 15% commission owed to HTR. HTR's complaint asserts claims of breach of contract, *quantum meruit*, implied contract, unjust enrichment, breach of duty, breach of duty of good faith, promissory estoppel, and fraudulent inducement.

II.     **Analysis**

    A.     **Rule 12(b)(1) Standards**

Generally, a plaintiff's good faith claim for damages controls the determination of jurisdiction. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Watson v. Shell Oil Co.*, 979 F.2d 1014, 1021 (5th Cir. 1992); *National Union Fire Ins. Co. v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992). In order to prove a claim is not made in good faith, it must appear to a legal certainty that the plaintiff cannot recover the amount alleged. *Nat'l Union*, 972 F.2d at 630; *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990).

When federal jurisdiction is challenged, the court has a duty to make whatever inquiries are necessary to determine its jurisdiction. *Foret*, 918 F.2d at 537. The method employed in making its determination is within the trial court's discretion. *Id.* The court "is free to weigh

the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The court may base its decision on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Montez*, 392 F.3d at 149 (citing *Robinson v. TCI/US West Communications Inc.*, 117 F.3d 900, 904 (5th Cir. 1997). In order to resolve disputed issues of fact in ruling on a 12(b)(1) motion, the court must give the plaintiff an opportunity for discovery and hearing. *In re Arbitration Between Trans Chemical Ltd. and China Nat'l Machinery Import and Export Corp.*, 978 F. Supp. 266, 274-75 (S.D. Tex. 1997), *aff'd Trans Chemical Ltd. v. China Nat'l Machinery Import and Export Corp.*, 161 F.3d 314, 319 (5th Cir. 1998).

The party asserting jurisdiction, in this case HTR, bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Id*.

**B.     The Amount in Controversy**

In this case, it is not necessary to resolve factual disputes in order for the court to satisfy itself that it has jurisdiction to hear this case. The allegations of HTR's complaint are controlling.. HTR alleges that net profits from the sale at issue were in excess of $400,000. If true, it is more likely than not that the amount in controversy in this case exceeds $75,000 because attorney's fees must be included in calculating the amount in controversy.

3

"[T]he law is now quite settled that attorney's fees are a part of the matter in controversy when they are provided for by contract or by state statute." WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3712 (1976); *H&D Tire and Automotive Hardware Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000). In Texas, attorneys' fees in breach of contract cases are provided by Section 38.001 of the Texas Civil Practices and Remedies Code, which states: "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: (1) rendered services . . . or (8) an oral or written contract." TEXAS CIVIL PRACTICE & REMEDIES CODE, § 38.001 *et seq*. Because attorneys' fees must be considered in determining the amount in controversy in this case,[3] it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional minimum.

Moreover, resolution of the jurisdictional factual dispute regarding the amount of damages plaintiffs may recover in this case is essentially duplicative of the merits. Continental asserted in its initial motion that the net profits from the transaction were $401,479.65, resulting in a commission of approximately $60,000 (at 15%). In response to Continental's motion, HTR submitted the Affidavit of Mike Starling asserting that plaintiffs are owed approximately

---

[3] Continental indicated at the hearing and in its supplement that HTR cannot recover attorney's fees because it did not comply with the notice requirement of § 38.002. To the contrary, the record reflects that Mike Starling sent a letter dated May 21, 2004 to defendants' representatives setting forth HTR's claim and demanding payment. In addition, plaintiffs' counsel sent a demand letter promptly following the October 19 hearing. There is no requirement in the statute that the demand for payment be made prior to the time suit is filed. *Palestine Water Well Serv., Inc. v. Vance Sand and Rock, Inc.*, 188 S.W.3d 321, 327 (Tex. App.–Tyler 2006, n.p.h.). The court concludes that the procedural requirements of § 38.002 have been satisfied.

$145,000 pursuant to their contract with defendants.  Continental more recently asserts by way of supplement to its motion that upon further review it has discovered that net profits were only $304,103.69, resulting in a 10% commission of only $34,010.37.  Under the circumstances, it is proper for the court to assume jurisdiction and defer the determination of damages until resolution of plaintiff's case on the merits.  *Montez*, 392 F.3d at 150.

**III.    Conclusion**

       Continental's motion to dismiss (Dkt. 12) is denied.

       Signed at Houston, Texas on November 14, 2006.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge